ANSTEAD, Judge,
concurring in part and dissenting in part.
Rule 1.612 of the Florida Rules of Civil Procedure governs the procedure to be followed in this case. Rule 1.612(d) provides:
Judgment. The court shall enter a judgment within 48 hours after the petition is filed unless the time is extended at the request of the minor. The judgment shall recite findings in support of the ruling. If no judgment is entered within the time period, the petition shall be deemed granted and the clerk shall place a certificate to this effect in the file.
It is undisputed in this case that no order or judgment was entered within the time frame provided by the rule and that no request for extension was made by the appellant. This rule leaves no room for discretion or maneuver on the part of the *771 trial court or this court.[1] Accordingly, we have no choice, if we are to comply with the Supreme Court rule, but to remand this case to the trial court with directions that the trial court clerk issue a certificate that the petition is deemed granted pursuant to rule 1.612(d).
In the absence of rule 1.612(d), I might concur with the majority which is simply affirming a trial court order based on findings of fact where there is no record of the evidence presented to the trial court. The burden of course, is upon an appellant to demonstrate error, and error on a finding of fact can only be demonstrated by pointing to the evidence presented and demonstrating that the finding of the court is not supported by that evidence. In this case there is no evidentiary record of the “hearing” conducted by the trial court with the minor petitioner. The problem is that there is no provision in the statutory scheme or the Supreme Court rules mandating a record. Absent a record there can be no meaningful appellate review. This is a serious flaw in the procedure set out in the statute and rules.

. Rule 9.110(1) of the Florida Rules of Appellate Procedure provides that this court has only 10 days to act after the notice of appeal is filed. If we do not act within that 10 day period the order is automatically reversed and the petition is to be deemed granted. In effect, this court and the trial court lose jurisdiction to act, other than to issue a clerk’s certificate, after the pertinent time periods expire.